

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Olin Culberson, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-1506
Re: Is it necessary to give
notice and hold a hearing be-
fore issuance of an order pur-
suant to Article 6056, R.C.S.,
1925, which would involve ex-
panding the effect of order
number G.U-2, heretofore is-
sued by the Railroad Commis-
sion of Texas?

We are in receipt of your letter of August 31, 1939,
requesting this Department to reconsider its opinion rendered
on August 18, 1939, regarding the above captioned subject.

We have carefully considered this question in the
light of Article 6056 and have reached the conclusion that it
is not necessary for the Railroad Commission of Texas to give
notice and hold a hearing in connection with an order requir-
ing gas utilities to file information pursuant to Article
6056, R.C.S., 1925.

Our aforementioned opinion was predicated upon Art-
icle 6053a. You call our attention to the fact that Article
6053a has been recently amended and now clearly applies to
Commission orders affecting the liquefied petroleum gas in-
dustry and not the gas utility industry. We believe this
question is governed solely by Article 6056.

We quote Article 6056, styled "Operators Reports",
in effect since the adoption of the Gas Utilities Act proper
in 1920:

"The Commission may require of all persons
or corporations operating, owning or controlling
such gas pipe line sworn reports of the total
properties of gas distributed by such pipe line

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Olin Culberson, Page 2

and of that held by them in storage, and also of their source of supply, the number of wells from which they draw their supply, the amount of pressure maintained, and the amount and character and description of the equipment employed, and such other matters pertaining to the business _as the Commission may deem pertinent_."

While we are in entire agreement with the principles stated in our previous opinion to the effect that in the event of any doubt as to the necessity for notice and hearing on rules and regulations the doubt should be resolved in favor of the issuance of said notice and the holding of a hearing. However, in the absence of statutory requirements, it is our belief that the case of Greer v. Railroad Commission of Texas, et al., 117 S. W. (2d) 142 (error dismissed) is controlling. We quote from that case as follows:

"There is no compelling inherent reason why notice and hearing should be required as prerequisite to the validity of a general rule and regulation of administrative boards. The intimate knowledge possessed by the Commission, affords ample basis for dispensing with notice when general regulatory orders are concerned. The wide variety of highways and traffic conditions may call for exceptions as regards given localities, particular classes of commodities or carriers, or even individual carriers. It would not be practical to consider all of these special cases in the promulgation of general regulations . . . . Had the Legislature intended that notice and hearing should be had in case of general orders, it could easily have so provided. Its absence in this regard, and its presence in the specifically enumerated cases clearly indicate that in the former, it was not deemed essential."

The Gas Utilities Act does, in certain instances, specifically require the giving of notice and the holding of a hearing before the issuance of orders in regard (1) to appeals from City Ordinances as provided by Article 6058; (2) as regards review of rates, agreements, and orders affecting

Hon. Olin Culberson, Page 3

public utilities, as provided in Article 6054. However, in Article 6056, pursuant to which the proposed rules and regulations are sought to be issued, there is no such requirement. Examination of that Article clearly reveals that only orders and regulations affecting the industry generally may be issued. Further, the subject matter of such orders and regulations fall within the category of knowledge and information peculiarly known to the experts of the Gas Utilities Division of the Railroad Commission. They know what information they need in way of records to properly regulate the industry. A notice and hearing thereon would serve no purpose. It is to be noted that the Commission is authorized to elicit information in regard to quantities of gas distributed and of that held by them in storage, and also of their source of supply, the number of wells from which they draw their supply, the amount of pressure maintained, the amount and character and description of the equipment employed and such other matters pertaining to the business as the Commission may deem pertinent. In other words, the requirements of the Railroad Commission that may be made pursuant to Article 6056, simply have to do with the making of records and books, and reports affecting all the industry, generally and alike.

Further quoting from Justice McClendon's opinion in the Greer case:

"Had the Legislature intended that notice and hearing should be had in case of general order, it could easily have so provided . . ."

This Department has rendered a like opinion in regard to notice and hearing on Railroad Commission orders purporting to regulate bus terminals in this State. Opinion No. 0-1107, dated August 23, 1939, addressed to the Honorable James E. Kilday, Director, Motor Transportation Division, Railroad Commission of Texas.

The order there under discussion, as here, involved general matters affecting the industry as a whole and in respect to which there was no statutory requirement for notice and hearing. Accordingly, in reliance upon the doctrine of the Greer case, we declared no notice and hearing necessary.

Hon. Olin Culberson, Page 4

It is our opinion that the Railroad Commission may issue rules and regulations pursuant to Article 6056, without requiring the issuance of notice and the holding of a hearing in regard thereto, and accordingly, our Opinion No. O-1251 dated August 18, 1939, is hereby specifically overruled. wrong no, —

Very truly yours

ATTORNEY GENERAL OF TEXAS

By          Hugh Q. Buck
            Hugh Q. Buck
            Assistant

HQB:RS


APPROVED OCT 2, 1939

            Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN